ST.- PAUL, X
 

 This is an application for certiorari to compel the respondent judge to send up the record from the court below to the end that this court may examine into the validity and legality of the proceedings had below; for prohibition to forbid the respondent from vacating a certain temporary restraining order therein issued; and (in the alternative) for mandamus to compel him to reinstate said order.
 

 We have carefully examined the record, and find nothing therein which shows any irregularity,- invalidity, or illegality whatever in the action taken by the respondent judge. On the contrary, his action therein was strictly regular, valid and legal, and tended obviously to promote and not to defeat the ends of justice. But the very reverse would have been true had he acted otherwise than as he did.
 

 I.
 

 The return of the respondent judge states the issues and' facts correctly, and correctly disposes of the case. We therefore adopt it as our opinion herein.
 

 II.
 

 That return is as follows:
 

 “That the present suit was brought by plaintiff to compel the defendant to recognize him as the owner of 686 shares of the common stock of defendant corporation and to issue to plaintiff a certificate therefor; that plaintiff sought and obtained a temporary restraining order prohibiting defendant from issuing to other persons said 686 shares of common stock; that defendant attacked the legality and consideration of the contract between plaintiff and defendant, by which certain common stock had been issued to him, and furthermore averred that the certificates of common stock issued to him under said contract had been surrendered, by plaintiff to defendant and canceled with the' understanding that, in lieu of plaintiff receiving said stock, he would obtain subscriptions therefor made directly with the defendant on the basis of $25 per share, and that, when and as said subscribers made payments on said subscriptions, defendant would pay over to plaintiff the entire amount so received, and would issue to said subscribers the stock surrendered by plaintiff, when and as each of said third parties paid his subscription.
 

 “Defendant further averred that, even if the contract under which said stock was originally issued were valid, plaintiff was estopped and precluded from obtaining the issuance to him of any of said stock, for the reason that plaintiff, in pursuance of the agreement aforesaid, had caused defendant to contract with other persons to issue to them all of said shares of common stock and also the remaining shares of common stock authorized to be issued under its charter.
 

 “That I, on June 22, 1927, recalled the restraining order issued by me prohibiting defendant from issuing said stock, because it was shown by the record and admitted by counsel for plaintiff that all of the common stock of said company, including the stock originally issued to said Morgan, had been sold by defendant, with the knowledge and assistance of said Morgan, to innocent third persons, and that defendant was therefore obligated to issue said stock to such third persons when and as demanded and such third persons were entitled to receive same, and plaintiff was estopped and precluded, by his action aforesaid, from claiming that he was entitled to such stock or from enjoining the issuance thereof to such third persons.”
 

 III.
 

 The relator also complains of the
 
 arbitrary
 
 act of the respondent judge in recalling said restraining order, after plaintiff (relator) had “introduced his evidence and closed his case,” but before defendant had finished its
 
 cross-examination of plaintiff,
 
 as to which the return of the respondent judge continues as follows:
 

 “I show that the case was regularly fixed for trial on May 31st, 1927, and was ■ partially
 
 *143
 
 tried on that day, and that at the adjournment of court on that day the plaintiff was on the stand under cross-examination; that the case was thereupon continued and specially assigned for June 6, 1927, and was then again continued and specially assigned for June 21, 1927; that when the case was called upon that day plaintiff, though a witness on the stand in the course of cross-examination, had absented himself from the city; that the case was then continued to the following day, upon the representation of his. counsel that he would return to the city of New Orleans by the next morning; that when the case was called on the morning of June 22, 1927, counsel for plaintiff presented a doctor’s certificate showing that plaintiff was unable to attend the trial; that counsel for defendant thereupon moved that the temporary restraining order prohibiting the issuance of said stock be vacated, on the ground that it was established by the record and admitted by opposing counsel that all of said stock had been sold with the knowledge and consent of said Morgan to innocent third persons as aforesaid; and said motion was granted by me on said ground.”
 

 Accordingly, as plaintiff had “introduced his evidence and closed his case,” and as it was “established by the record and admitted by 'counsel” that plaintiff had consented to and assisted in the sale of said stock to other parties, who were clearly entitled to receive their certificate, it was therefore
 
 not
 
 arbitrary on the part of the respondent to vacate an order which made it impossible to issue such certificates, and .which order should not have stood as soon as the facts have been made known to the court.
 

 IV.
 

 For the rest, considering the facts last recited, the complaint of relator that said order was vacated without due notice to him is so frivolous as to require no attention at our hands.
 

 Decree.
 

 The writs herein issued are therefore discharged, and the relief herein prayed for by relator is denied, at his cost.